IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

(EUGENE DIVISION)

| | | |
|---|---|---|
| ARTHUR W. MCCOMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-6406-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Arthur W. McCombs, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the July 26, 2007, Administrative Law Judge (ALJ) decision which found that he was not disabled and denied his application for Supplemental Security Income Disability (SSI) benefits. The ALJ's decision became the Commissioner's final decision when plaintiff's request for review was denied.

1 - ORDER

DISCUSSION

Plaintiff contends that the ALJ erred by (1) improperly rejecting his testimony, (2) failing to fully and fairly develop the record, (3) rejecting the opinions of Dr. Jim Newhall, M.D., plaintiff's treating physician, and Dr. William McConochie, Ph.D., a psychologist who performed a one-time consultative examination, (4) rejecting the assessments of state reviewing physicians to find that he was capable of past relevant work, and (5) relying on the vocational expert's hypothetical that was not based on his limitations.  Plaintiff maintains that the ALJ committed several reversible errors and moves the court for an award of benefits.

1. Plaintiff's Testimony

Plaintiff testified at the oral hearing that he suffers from lethargy and social anxiety caused by depression, has trouble lifting items because of back pain, and hears voices telling him to "eat punk shit and die."  Tr. 255, 263-64.  The ALJ rejected plaintiff's testimony as unreliable because it contradicted his work history, the objective findings and evaluations made by specialists, and appeared histrionic "perhaps in order to appear disabled."  Tr. 20-21.

In rejecting plaintiff's testimony, the ALJ must perform a two stage analysis.  Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  The first stage is a threshold test in which plaintiff must

2 - ORDER

produce objective medical evidence of an underlying impairment that could reasonably be expected the symptoms alleged. Id. at 1281-82. Plaintiff, in this case, produced objective medical evidence of an impairment that could produce symptoms resulting in limitations on physical capacity. The analysis, therefore, moves to a credibility determination.

At the second stage, the ALJ may discredit plaintiff's testimony regarding the severity of the symptoms by providing clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). In determining plaintiff's credibility, the ALJ may consider objective medical evidence, plaintiff's treatment history, daily activities, work history, and the observations of third parties with personal knowledge of plaintiff's functional limitations. Smolen v. Chater, 80 F.3d at 1284. The ALJ must make findings that are "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).

The ALJ considered appropriate factors in evaluating plaintiff's credibility. The ALJ considered plaintiff's work history and determined that he reduced his work hours "by election", not as a result from his back or mental symptoms. Tr. 20, 253, 272. The ALJ also noted that the observations from treating physicians did not support plaintiff's contention that he

3 - ORDER

suffers from a herniated disc. Tr. 20-21.[1]  Last, the ALJ found that plaintiff's self-reported bizarre behaviors were likely exaggerated and could not be supported in light of his work history. Tr. 20-21; See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (evidence of tendency to exaggerate is a proper factor to consider in making a credibility determination). Tr. 196, 272. Accordingly, the court finds that the ALJ provided clear and convincing reasons for discrediting plaintiff's testimony. Dodrill v. Shalala, 12 F.3d at 918. The court will not disturb the ALJ's findings. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

## 2. Developing the Record

Plaintiff argues that the ALJ failed to fully and fairly develop the record because it contains ambiguous evidence which prevented proper evaluation of his case. Specifically, plaintiff alleges that the record is underdeveloped because it contains only one consultative examination regarding his psychological impairments.

---

[1] Peter Verhey, M.D., for example, denoted no physical limitations due to back pain in his evaluation of claimant. Tr. 202-205. An imaging study of claimant's back in April 2003 showed "'probable facet arthropathy at the lumbosacral junction with no other focal abnormalities identified'", but no evidence of a herniated disc. Tr. 195. Finally, claimant's contention that James Newhall, M.D., said that he had a herniated disc is not reflected in the record.

4 - ORDER

An ALJ has a duty to fully and fairly develop the record, but only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). The record before the ALJ in this case, however, is neither ambiguous nor inadequate. The ALJ determined, for example, that plaintiff's work history showed that his alleged psychological impairments had no affect on his ability to work. Tr. 21, 270 (showing that plaintiff made $10,000 in 2004 and over $8,000 in 2006 despite alleged impairments). The ALJ also found that plaintiff "clearly misled" Dr. McConochie as to his current earnings, suggesting that plaintiff exaggerated his impairments for "secondary gain". Tr. 21, 198, 270. The court finds, therefore, that the record was neither ambiguous nor inadequate and substantial evidence supported the ALJ's decision that plaintiff was not disabled. Mayes v. Massanari, 276 F.3d 453 at 460.

3. Doctors' Opinions

Plaintiff next argues that the ALJ improperly rejected the opinions of Dr. Jim Newhall, M.D., his treating physician, and Dr. William McConochie, Ph.D., a psychologist that plaintiff met with once for a consultative examination. Specifically, plaintiff alleges that the ALJ (1) "failed to consider the final treatment note of Dr. Newhall", and (2) gave "'little' weight to

5 - ORDER

the consultative evaluation by Dr. McConochie, and therefore dismissed the severity [of] . . . McCombs's mental impairments . . . ."

An ALJ may reject the opinions of plaintiff's treating doctors. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005). To reject an uncontradicted opinion from a treating doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. <u>Id</u>. Similarly, an ALJ may reject a treating doctor's opinion that is contradicted by another doctor's opinion if the ALJ provides specific and legitimate reasons that are supported by substantial evidence. <u>Id</u>.

The record in this case shows that the ALJ provided clear and convincing reasons for the weight he gave to the opinions from Drs. Newhall and McConochie. Dr. Newhall's final treatment note, stating that plaintiff continues to suffer depression symptoms, contradicts Dr. Newhall's assessments stating that plaintiff's psychological impairments have improved with medication.[2] Similarly, the ALJ gave little weight to Dr. McConochie's evaluation because plaintiff's psychological impairments were self-reported and, as noted above, plaintiff exaggerated his symptoms and inabilities. Tr. 21. The ALJ provided clear and convincing

---

[2] Dr. Newhall, for example, noted that Effexor "worked well" and helped alleviate plaintiff's symptoms of depression. Tr. 244. Plaintiff also stated that he "felt better almost from [the] first day of Effexor, Prozac really helps." (<u>Id</u>.)

6 - ORDER

reasons for not relying on the opinions of Drs. Newhall and McConochie. See Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989). The ALJ's rejection of the opinions by Drs. Newhall and McConochie were supported by substantial evidence and were based on permissible determinations within the ALJ's discretion.

4. Opinions from State Reviewers

Plaintiff next contends that the ALJ erred by dismissing the assessments made by Douglas Gardner, a state reviewer, and Drs. Westfall and Bates-Smith, DDS physicians, stating that plaintiff was unfit to return to his prior work as a caregiver. Plaintiff argues that findings of fact made by state agency medical and psychological consultants must be treated as expert opinion evidence of non examining sources.

A plaintiff has the burden of showing that he can no longer perform his past relevant work. Barnhart v. Thomas, 540 U.S. 20, 25 (2003) (stating that unless plaintiff shows that he cannot perform past relevant work, he is determined not to be disabled). An ALJ, however, still has a duty to make factual findings that support his conclusions. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). An ALJ makes the requisite factual findings "by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." Id. at 844-45.

7 - ORDER

Plaintiff, in this case, fails to show that he can no longer work as a caregiver. The ALJ determined that plaintiff likely exaggerated his physical and mental impairments and the impairments do not prevent him from returning to work as a caregiver. Tr. 20 - 21. The ALJ also determined that based on plaintiff's age, education, work experience, and residual functioning capacity, plaintiff is capable of working in other jobs "that exist in significant numbers in the national economy."[3] Tr. 23. Moreover, the ALJ's determinations were based on a complete record whereas the opinions of the state reviewers were based on an incomplete record. Tr. 215, 242-245, 251-273 (showing that the state reviewers provided opinions on September 2, 2005, prior to the most recent depression treatment records from Dr. Newhall). The court finds that the ALJ's determinations were based on appropriate factual findings and shall not be disturbed. See Pinto v. Massanari, 249 F.3d at 844-45.

5. Vocational Expert's Testimony

Finally, plaintiff contends that the vocational expert's ("expert") testimony, based on the ALJ's hypothetical, did not reflect Mr. McCombs's limitations. Plaintiff also argues that the record did not support the hypothetical; therefore, the

---

[3]These jobs include a cleaner position and light janitorial work. Tr. 277.

8 - ORDER

hypothetical has no evidentiary value.

The record, viewed a whole, shows that the ALJ's hypothetical posed to the expert contained all of the limitations that the ALJ found credible and supported by substantial evidence.[4] Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ, therefore, properly relied on the expert's testimony to the hypothetical.  See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989) (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).  The ALJ's findings will not be disturbed.  See Osenbrock v. Apfel, 240 F.3d at 1167.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.


DATED this   26TH   day of March, 2010.


                                                      s/ Michael R. Hogan
                                            United States District Judge

---

[4]The ALJ, for example, limited his hypothetical based on plaintiff's alleged mental impairments and ruled out work involving general public interaction and work that entailed "teamwork or tasks to be done cooperatively with others."  Tr. 276-77.

9 - ORDER